CHAPMAN

*v.*

JEWETT.

(*Supreme Court of Appeals of Virginia, Feb. 20, 1896.*)

[24 S. E. Rep. 261.]

### Authority to Sell Land—Contract to Convey.

Verbal authority to sell land confers no power to execute a contract to convey.

Error to circuit court, Chesterfield county.

Action of unlawful entry and detainer by Mary Jewett against William Chapman. There was a judgment for plaintiff, and defendant brings error. Affirmed.

*Tucker & Ingram* and *Edgar Allan,* for plaintiff in error.

*J. H. Webb-Piploe,* for defendant in error.

RIELY, J., delivered the opinion of the court.

It is only necessary to consider a single question in this case as upon its determination all others, as well as the merits of the controversy itself, depend : Did the county court err in refusing to admit as evidence before the jury on the trial of the case an alleged contract of sale of the land in controversy from Hatcher's heirs to Isabella Chapman, through whom the plaintiff in error claims? The contract referred to was not signed by the Hatcher heirs for themselves, but was signed for them by J. Thompson Brown & Co., real-estate agents,

who claimed that they had authority from the said heirs to sell the land. It was clearly inadmissible as evidence until the foundation was laid for its introduction by proof of authority on the part of the agents to make the sale and sign the contract for their principals. It was not pretended that they had any written authority to this end, but evidence was introduced tending to show that they had been verbally authorized by Mary C. Hatcher, in behalf of herself and brother, who were the only heirs, to sell the land. This was strenuously denied by Miss Hatcher ; but, assuming that they were authorized by her to sell the land, such authority, without more, amounted only to the right to find for her a purchaser who was willing to give the price she asked for the land, and to bring them together. It did not authorize them to execute or sign a contract of state that would bind her and her brother, and which Isabella Chapman could enforce. Halsey v. Monteiro (decided at the present term) 24 S. E. 258, and the authorities there cited. The alleged contract of sale was therefore rightly excluded.

Under the authority claimed by J. Thompson Brown & Co., even if given, they would only be special, not general, agents; and any one dealing with such an agent must inquire and look to his instructions and authority. If the agent has exceeded his authority, he who dealt with him has done so at his peril. Halsey v. Monteiro, supra. There was no pretense of a ratification of the alleged contract of sale, but it was repudiated by Miss Hatcher the day after it was signed, and as soon as she heard of it. The determination of its inadmissibility as evidence is fatal to the pretensions of the plaintiff in error, and renders unnecessary the consideration of the other questions raised. The judgment of the circuit court of Chesterfield county must therefore be affirmed.